**Leslie CURTIS, Plaintiff–Appellee
and Cross–Appellant,**

v.

**HYLAND HILLS PARK & RECRE-
ATION DISTRICT, Defendant–Ap-
pellant and Cross–Appellee.**

No.  05CA2520.

Colorado Court of Appeals,
Div. V.

March 8, 2007.

Certiorari Denied Sept. 5, 2007.

Karen Colburn, Denver, Colorado; Roger Fraley, Jr., Denver, Colorado for Plaintiff–Appellee and Cross–Appellant.

Law Firm of Anthony Melonakis, Anthony Melonakis, for Defendant–Appellant and Cross–Appellee.

Opinion by Judge CARPARELLI.

Plaintiff, Leslie Curtis, sued defendant, Hyland Hills Park and Recreation District, for injuries sustained at Water World. The district appeals the trial court's order denying its motion to dismiss for lack of subject matter jurisdiction under the Colorado Governmental Immunity Act (CGIA), § 24–10–101, et seq., C.R.S.2006, and plaintiff cross-

appeals, challenging the trial court's determination that the attraction at which she was injured is not a swimming facility within the meaning of the CGIA. We affirm the portion of the order that concludes that the attraction is not a swimming facility, reverse the portion of the order that concludes that immunity has been waived, and remand with instructions to dismiss plaintiff's claims for lack of subject matter jurisdiction. The district may raise its request for fees and costs on remand.

## I.

The district owns and operates Water World, which has several water-themed attractions. At the Thunder River attraction, visitors ride a raft down a flume. The district does not station an attendant at the top of the flume to regulate the intervals at which the visitors may place their rafts onto the flume and begin their way down. At the bottom, the raft enters a shallow pool and attendants help the visitors get out of the rafts and the water.

Plaintiff alleges that she sustained injuries when another visitor came down the flume immediately after her and collided with her raft, causing her to fall out of the raft and hit her head.

The district moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction. It asserted that plaintiff's negligence claim was premised on the district's alleged failure to supervise other visitors in a manner that would have prevented her from being injured. The district contended that § 24–10–106(1)(e), C.R.S.2006, waives immunity for injuries caused by dangerous conditions at public facilities, and that to be actionable under the statute, an injury must have been caused by negligence in the construction or maintenance of the facility. The district argued that, because the alleged negligence here was unrelated to construction and maintenance, plaintiff failed to allege the existence of dangerous conditions and the district was immune from suit. Plaintiff asserted that she had alleged dangerous conditions, and that immunity was also waived by § 24–10–106(1)(f), C.R.S.2006, because Thunder River is a swimming facility.

After an evidentiary hearing, the court concluded that Thunder River is not a swimming facility, but that plaintiff's injuries were caused by dangerous conditions of a public facility, and, therefore, that sovereign immunity is waived by § 24–10–106(1)(e). Accordingly, the court denied the district's motion to dismiss.

The district filed this interlocutory appeal as permitted by § 24–10–108, C.R.S.2006.

## II.

▮ Whether a public entity's immunity is waived under the CGIA involves an issue of subject matter jurisdiction that is properly resolved by the trial court pursuant to a motion to dismiss under C.R.C.P. 12(b)(1). *Springer v. City & County of Denver*, 13 P.3d 794, 798 (Colo.2000). Under C.R.C.P. 12(b)(1), the plaintiff has the burden of proving jurisdiction and demonstrating that governmental immunity has been waived. *Tidwell v. City & County of Denver*, 83 P.3d 75, 85–86 (Colo.2003); *Trinity Broad. of Denver, Inc. v. City of Westminster*, 848 P.2d 916, 925 (Colo.1993).

▮ Statutory interpretation is a question of law subject to de novo review. *Klinger v. Adams County Sch. Dist. No. 50*, 130 P.3d 1027, 1031 (Colo.2006). Under the basic principles of statutory interpretation, we first determine whether the statutory language has a plain and unambiguous meaning. *People v. Yascavage*, 101 P.3d 1090, 1093 (Colo. 2004). "The plainness or ambiguity of statutory language is determined by reference to the language itself, the specific context in which that language is used, and the broader context of the statute as a whole." *Robinson v. Shell Oil Co.*, 519 U.S. 337, 341, 117 S.Ct. 843, 846, 136 L.Ed.2d 808 (1997); *see also Klinger, supra*, 130 P.3d at 1031. We read the statute as a whole "to give 'consistent, harmonious and sensible effect to all of its parts,'" in accordance with the presumption that the legislature intended the entire statute to be effective. *Colo. Water Conservation Bd. v. Upper Gunnison River Water Conservancy Dist.*, 109 P.3d 585, 593 (Colo. 2005) (quoting *Bd. of County Comm'rs v. Costilla County Conservancy Dist.*, 88 P.3d

1188, 1192 (Colo.2004)). "A statutory interpretation leading to an illogical or absurd result will not be followed." *Frazier v. People*, 90 P.3d 807, 811 (Colo.2004). We avoid constructions that are at odds with the legislative scheme. *Klinger, supra*, 130 P.3d at 1031.

## III.

The district contends that the trial court erred when it concluded immunity was waived because the conditions plaintiff alleged caused her injuries were dangerous conditions under § 24–10–106(1)(e). We agree.

### A.

■ Because the CGIA is in derogation of the common law, provisions waiving immunity are deferentially construed in favor of an injured party. *Jaffe v. City & County of Denver*, 15 P.3d 806, 810 (Colo.App.2000).

Under the CGIA, immunity is waived in an action for injuries resulting from a dangerous condition of any public facility located in any park or recreation area maintained by a public entity. Section 24–10–106(1)(e).

■ In pertinent part, § 24–10–103(1), C.R.S.2006, defines "dangerous condition" to include physical conditions that are proximately caused by negligence in the construction or maintenance of a public facility. *Jaffe v. City & County of Denver, supra*, 15 P.3d at 810. To be actionable, an injury must have been caused by a physical or structural defect caused by negligence in the construction or maintenance of the facility, and not by operation of the facility. *Padilla v. Sch. Dist. No. 1*, 25 P.3d 1176, 1181 (Colo.2001); *Hendricks v. Weld County Sch. Dist. No. 6*, 895 P.2d 1120, 1123 (Colo.App.1995).

### B.

Plaintiff does not allege that she was injured as a result of a physical or structural defect that was caused by negligence in the construction or maintenance of the Thunder River attraction. Instead, she alleges that the attraction was overcrowded, that the spacing between rafts was inadequate, and that the district failed to provide personnel to ensure that sufficient space existed between rafts to minimize the likelihood of collisions.

■ Thus, plaintiff's only allegation is that the district was negligent in its operation of the attraction, not that there was a physical defect in the attraction's construction or maintenance. Consequently, we conclude that the trial court erred when it ruled that the absence of an individual or system to regulate the spacing of visitors in rafts constituted a dangerous condition under § 24–10–106(1)(e).

## IV.

■ On cross-appeal, plaintiff contends that the trial court erred when it concluded that Thunder River is not a swimming facility under the CGIA. We are not persuaded.

### A.

Section 24–10–106(1)(f) of the CGIA waives sovereign immunity for the "operation and maintenance of any public . . . swimming facility by such public entity." The statute does not define "swimming facility."

Even if we assume that Thunder River is a facility for purposes of the CGIA, it is not a "swimming facility."

*Webster's Third New International Dictionary* defines "swimming pool" as "a pool suitable for swimming; esp[ecially] a tank . . . made for swimming." It defines "swimming hole" as "a comparatively deep place in a stream locally used for swimming." *Webster's Third New International Dictionary* 2312 (1986).

■ Based on the plain and ordinary meaning of swimming, we conclude that the term "swimming facility," as used in the statute, refers to a facility that is both suitable and commonly used for swimming.

In *Anderson v. Hyland Hills Park & Recreation District*, 119 P.3d 533, 535 (Colo. App.2004), a division of this court declined to disturb the trial court's determination that Screamin Mimi, a similar attraction at Water World, constitutes a swimming facility within the meaning § 24–10–106(1)(f). There the

trial court found that enough water was in the pool at the end of the ride for an individual to swim out and that visitors commonly did so. The division provided the following description of that attraction:

"Screamin Mimi" is a water-themed adventure ride in which participants generally wear bathing suits and ride a plastic, wheeled sled down a 120–foot track. They then glide part way across a pool of water which is approximately 100 feet in length, 20 feet wide, and 3.5 feet deep. After coming to a stop in the pool, participants commonly swim a short distance and then walk out of the pool.

*Anderson v. Hyland Hills Park & Recreation Dist., supra,* 119 P.3d at 535.

### B.

Thunder River is similar to Screamin Mimi. Although visitors ride on rafts rather than sleds, both slides end in pools of water. However, at twenty-five feet by seventeen feet, the Thunder River pool is seventy-five feet shorter and three feet narrower. It is also shallower, just twenty-five inches at its deepest point. The photographs admitted in evidence show rafts entering the pool at the bottom of the flumes and two attendants standing a short distance away, guiding a raft to the edge of the pool, near the exit sign. One attendant stands in ankle-deep water, and the attendant on the opposite side of the raft stands in knee-deep water. The area where the rafts exit the flumes and enter the pool is not suitable for visitors to linger and play in the water. The park's general manager testified that he had never seen anyone swim out of the pool, and believed it would be "impossible" to do so. Nonetheless, plaintiff testified that, after getting out of the raft, she "swam" out of the pool.

The trial court noted that Screamin Mimi has a much larger splash-down pool in which visitors swim out, and that the Thunder River splash-down pool does not facilitate swimming. It found that it "would be extremely difficult for anybody to swim here, not impossible, but certainly if anybody were swimming[,] one stroke would certainly cause them to either run into water so shallow or into the side wall that the swimming would terminate." Accordingly, the court concluded that Thunder River is not a "swimming facility" within the meaning of the CGIA.

The evidence supports the trial court's conclusion that the Thunder River splash-down pool was not suitable for swimming. In addition, there was no evidence that it was commonly used for swimming. Accordingly, we conclude that the trial court did not err when it ruled that the Thunder River attraction is not a swimming facility.

Plaintiff also asserts that, because visitors to Water World commonly wear swimsuits, and some areas in Water World are suitable and used for swimming, the entire premises of Water World beyond the entry turnstiles constitutes a swimming facility. We reject this assertion because the record does not support the conclusion that all locations within Water World constitute facilities under the statute and that all structures that constitute facilities are suitable and commonly used for swimming.

In light of this determination, we need not address the district's additional contention that the court erred regarding the exclusion of testimony about independent evaluation of the operation of Thunder River and the adequacy of the court's findings.

### V.

The district requests trial and appellate attorney fees under § 13–17–201, C.R.S.2006. Under *Wark v. Board of County Commissioners,* 47 P.3d 711, 717 (Colo.App.2002), and *Smith v. Town of Snowmass Village,* 919 P.2d 868, 872–74 (Colo.App.1996), the award of fees for trial and appeal is mandatory. The district may properly file its motion for fees on remand.

The portion of the order that concludes that Thunder River is not a swimming facility is affirmed, and the portion that concludes that immunity was waived because plaintiff alleged the existence of dangerous conditions is reversed. The case is remanded to the trial court with directions to dismiss plaintiff's claims for lack of subject matter juris-

diction, and to consider such other matters as are properly raised by the parties.

Judge VOGT and Judge J. JONES concur.