The summaries of the Colorado Court of Appeals published opinions constitute no part of the opinion of the division but have been prepared by the division for the convenience of the reader. The summaries may not be cited or relied upon as they are not the official language of the division. Any discrepancy between the language in the summary and in the opinion should be resolved in favor of the language in the opinion.

SUMMARY
August 26, 2021

## 2021COA115

**No. 20CA0721, *Estate of Gallegos* — Probate — Intestate Succession — Individual Adopted by Relative of Genetic Parent**

As a matter of first impression, a division of the court of appeals concludes that intestate succession for a child who was adopted by certain relatives of the child's genetic parents is governed by Probate Code section 15-11-119(3), C.R.S. 2020, rather than a conflicting provision of the Children's Code, section 19-3-608, C.R.S. 2020, which terminates an adopted child's status as an heir at law upon a final decree of adoption.

COLORADO COURT OF APPEALS                                    2021COA115

---

Court of Appeals No. 20CA0721
Costilla County District Court No. 17PR30006
Honorable Crista Newmyer-Olsen, Judge

---

In re the Estate of Joseph Celestino Gallegos, deceased.

Shennae Finan, f/k/a Shennae Jaramillo and Corpus A. Gallegos Ranches, LLLP, a Colorado limited liability limited partnership,

Appellants,

v.

Patricia Vialpando,

Appellee.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE GROVE
J. Jones and Graham*, JJ., concur

Announced August 26, 2021

---

Dill Dill Carr Stonbraker & Hutchings, P.C., David R. Struthers, Denver, Colorado, for Appellant Shennae Finan

The Overton Law Firm, Thomas J. Overton, Steven R. Schumacher, Golden, Colorado, for Appellant Corpus A. Gallegos Ranches, LLLP

Law Office of Karl Kuenhold LLC, Karl Kuenhold, Denver, Colorado, for Appellee

*Sitting by assignment of the Chief Justice under provisions of Colo. Const. art. VI, § 5(3), and § 24-51-1105, C.R.S. 2020.

¶ 1 In this probate case, appellants Shennae Finan, formerly known as Shennae Jaramillo, and Corpus A. Gallegos Ranches, LLLP, appeal the district court's ruling that appellee Patricia Vialpando is an heir of Joseph Celestino Gallegos, who died intestate. Applying section 15-11-119(3), C.R.S. 2020, we conclude that, for the purpose of intestate succession, the parent-child relationship between Gallegos and Vialpando was not terminated when Vialpando was adopted in 1991. Therefore, we affirm.

## I.  Background

¶ 2 Gallegos died in December 2016. He had two biological children: Vialpando and Finan. Vialpando was born in 1990 and was adopted by her maternal grandparents in 1991. However, she maintained a relationship with Gallegos throughout his life and he named her as the beneficiary of his savings and retirement accounts. Finan, who was born in 1989 and who otherwise had no relationship with Gallegos, learned that Gallegos was her father nearly two years after his death. Both biological daughters now seek a share of his estate, and Finan's heirship is not in dispute.

¶ 3 Gallegos died without a spouse or a will, meaning that his children are entitled to inherit the estate's assets in equal shares.

*See* § 15-11-103(2), C.R.S. 2020.  The district court named Vialpando his sole heir and appointed her as personal representative for his estate.  Once Finan learned that Gallegos was her biological father, however, she moved to modify the court's determination of heirship.  Finan's motion claimed that she was Gallegos's sole heir because Vialpando's adoption cut off Vialpando's relationship with Gallegos for the purpose of intestate succession.  Gallegos Ranches, a family partnership owned by the late Gallegos and his two brothers, joined Finan's argument.

¶ 4     The district court ruled that both Vialpando and Finan are heirs to Gallegos's estate.  Although Vialpando was adopted by her maternal grandparents — thereby terminating her parent-child relationship with Gallegos — the court concluded that a 2010 amendment to the Probate Code, which allowed children adopted by relatives to inherit from their genetic parents, revived that relationship for the purpose of intestate succession.  Finan and Gallegos Ranches now jointly appeal, contending that the district court erred by applying the amended Probate Code provision because it was passed nearly twenty years after Vialpando's adoption was finalized.

## II.    Standard of Review

¶ 5    Statutory interpretation is a question of law that we review de novo.  *See, e.g., Neher v. Neher*, 2015 COA 103, ¶ 19.  We first examine the statute's plain language within the context of the statute as a whole.  *Id.*  We give words and phrases effect based on their plain and ordinary meaning.  *Id.*  If a statute is clear and unambiguous on its face, we apply it and do not resort to other canons of statutory interpretation.  *Hassler v. Acct. Brokers of Larimer Cnty., Inc.*, 2012 CO 24, ¶ 15.

¶ 6    In probate cases, we must construe the statutory provisions "liberally to promote a speedy and efficient system for settling a decedent's estate, and making distribution to his or her successors, while promoting uniformity in the administration of estates among different jurisdictions."  *Oldham v. Pedrie*, 2015 COA 95, ¶ 10.

## III.    Children's Code

¶ 7    Under the Children's Code, a final decree of adoption divests the biological parents "of all legal rights and obligations with respect to the child."  § 19-5-211(2), C.R.S. 2020.  Relatedly, a "child's status as an heir at law . . . shall cease only upon a final decree of adoption."  § 19-3-608(1), C.R.S. 2020.  Under these provisions, as

things stood in 1991, once Vialpando was adopted (by anyone), any right to inherit property via Colorado's laws of intestate succession was terminated along with the parent-child relationship.

## IV. Probate Code

¶ 8 In 2010, the General Assembly amended Colorado's intestate succession laws. As relevant here, those amendments included a provision allowing children who are adopted by relatives of either genetic parent to inherit from a genetic parent who dies without a will.

> A parent-child relationship exists between both genetic parents and an individual who is adopted by a relative of a genetic parent, or by the spouse or surviving spouse of a relative of a genetic parent, but only for the purpose of the right of the adoptee or a descendant of the adoptee to inherit from or through either genetic parent.

§ 15-11-119(3). This language was in effect in 2016 at the time of Gallegos's death.

## V. Analysis

¶ 9 The sole question before us is whether the 2010 amendment applies to Vialpando. We hold that it does and as a result conclude that Vialpando is Gallegos's heir.

4

¶ 10    Appellants contend that upon Vialpando's adoption in 1991, Gallegos was permanently divested of "all legal rights and obligations with respect to" Vialpando, and the parent-child relationship was forever terminated. Because of the finality of the adoption decree and the corresponding provisions of the Children's Code, which specify that "a child's status as an heir at law" ceases upon a final decree of adoption, § 19-3-608(1), appellants assert that the 2010 amendment to the Probate Code had no effect on Vialpando's status as an heir.[1] Because no parent-child relationship existed in 2010, appellants contend, there was no parent-child relationship to revive, even for the limited purpose of intestate succession. We disagree.

---

[1] Notably, appellants do not distinguish between an heir and an heir apparent. It is settled law that heirs can only be determined after a decedent's death. Prior to his death, a decedent's relative can only be an heir apparent — someone with a mere expectation of inheriting in the future. *See Quintrall v. Goldsmith*, 134 Colo. 410, 418, 306 P.2d 246, 250 (1957). It is upon the decedent's death that the legal title to estate property vests instantly in his heirs at law. *In re Estate of McQuade*, 88 Colo. 341, 346, 296 P. 1023, 1025 (1931); *see also Pierce v. Francis*, 194 P.3d 505, 510 (Colo. App. 2008).

## A. Conflict of Laws

¶ 11 Probate courts must consider the adoption and inheritance laws in effect at the time of adoption, but the right of adopted children to inherit is determined by the inheritance laws in effect when the intestate died. *Estate of David v. Snelson*, 776 P.2d 813, 820, 815 (Colo. 1989). The Probate Code in effect at the time of Gallegos's death provided that a parent-child relationship existed between "both genetic parents and an individual who is adopted by a relative of a genetic parent . . . *but only* for the purpose of the right of the adoptee or a descendant of the adoptee to inherit from . . . either genetic parent." § 15-11-119(3) (emphasis added). The statute does not clarify whether it is intended to have only prospective effect, but because Vialpando was adopted by her maternal grandparents, it applies unless the adoption irreversibly severed the parent-child relationship between Vialpando and Gallegos for all purposes.

¶ 12 Nothing in Vialpando's adoption records addressed the effect of the adoption on Vialpando's status as Gallegos's heir. However, under the Children's Code, Vialpando's "status as an heir at law" ceased "upon a final decree of adoption." § 19-3-608(1). This

provision conflicts with the 2010 amendment to the Probate Code. Simply put, if section 15-11-119(3) controls, Vialpando became Gallegos's heir upon his death. On the other hand, if adoption irrevocably severed Vialpando's relationship with Gallegos for all purposes, then she did not. To resolve this conflict, we apply principles of statutory construction to determine which provision controls.

B. Principles of Statutory Construction

¶ 13 The overriding goal of statutory construction is to effectuate the legislature's intent. *Doubleday v. People*, 2016 CO 3, ¶ 19. We interpret the statute within the context of its broader scheme to give consistent, harmonious, and sensible effect to all its parts. *Curtis v. Hyland Hills Park & Recreation Dist.*, 179 P.3d 81, 83 (Colo. App. 2007). When we conclude, as we do here, that two applicable provisions are irreconcilable, we look to both specificity and recency to resolve the conflict. *Dawson v. Reider*, 872 P.2d 212, 214 (Colo. 1994).

¶ 14 First, the more specific statute prevails over the more general one. § 2-4-205, C.R.S. 2020 (explaining that if a conflict between a special provision and a general provision is irreconcilable, "the

7

special . . . provision prevails as an exception to the general provision"). "Interpreting a specific provision as prevailing over a general one still allows for both provisions to exist," *People v. Cooper*, 27 P.3d 348, 355 (Colo. 2001), an approach that is consistent with the goal of giving full and sensible effect to the entire statutory scheme, *see Smith v. Colo. Motor Vehicle Dealer Bd.*, 200 P.3d 1115, 1118 (Colo. App. 2008).

¶ 15     Second, the more recent statute prevails over the older one. *Jenkins v. Panama Canal Ry. Co.*, 208 P.3d 238, 241 (Colo. 2009). This is true even if the General Assembly did not clearly intend the more recent statute to supplant an existing statute. *See City of Florence v. Pepper*, 145 P.3d 654, 657, 660 (Colo. 2006). We assume the legislature is aware of its enactments, and, therefore, we conclude that by passing an irreconcilable statute at a later date, it "intended to alter the prior statute." *Jenkins*, 208 P.3d at 242.

¶ 16     Applying these principles here, we conclude that because the probate statute is both more specific and more recent, it prevails over the conflicting provisions of the Children's Code.

¶ 17    At the outset, we recognize that the conflict between section

15-11-119(3) and section 19-3-608(1) is quite limited.  It only

applies to children who have been adopted by certain relatives of

their biological parents; section 19-3-608(1) continues to apply to

nonrelative adoptions.  Because we aim to give full and sensible

effect to the entire statutory scheme, we interpret section 15-11-

119(3) as carving out a limited exception to the general rule

outlined in section 19-3-608(1).

¶ 18    The timing of section 15-11-119(3)'s passage lends support to

our conclusion that the General Assembly intended to alter the

scope of section 19-3-608.  To be sure, we assume that the

legislature is familiar with its previous enactments.  *Jenkins*, 208

P.3d at 242.  But it is also clear that the amendment to the Probate

Code would not make sense unless the General Assembly

understood the general rule established in the Children's Code.

Therefore, we are confident that the legislature "intended to alter"

the Children's Code when it passed the more recent amendment to

the Probate Code.  *See id.*

¶ 19    But this does not end our inquiry.  Having concluded that the

2010 amendments to the Probate Code govern our review of

Gallegos's intestate succession, we next evaluate our application of the statute to ensure that it does not run afoul of the state constitution.

## C. Retroactivity and Retrospectivity

¶ 20    Appellants contend that designating Vialpando as Gallegos's heir under section 15-11-119(3) is an impermissible retroactive and retrospective application of that provision, contrary to legislative intent and in violation of the Colorado Constitution.  As they point out, the General Assembly has specifically provided that "[n]o provision of this [probate] code or of any amendment to this code shall apply retroactively if the court determines that such application would cause the provisions to be retrospective in its operation in violation of section 11 of article II of the state constitution." § 15-17-101(2)(f), C.R.S. 2020.

¶ 21    A statute is retroactive if it operates on transactions that have already occurred or on rights and obligations that existed before its effective date.  *Ficarra v. Dep't of Regul. Agencies*, 849 P.2d 6, 11 (Colo. 1993).  Retroactive application of a statute is generally disfavored by both the common law and statute.  *Id.*; § 2-4-202, C.R.S. 2020.  But retroactive application of a civil statute is not

10

necessarily unconstitutional: it is permitted where the statute effects a change that is procedural or remedial. *People v. D.K.B.*, 843 P.2d 1326, 1332 (Colo. 1993). Because some retroactively applied legislation is constitutional while some is not, Colorado courts mark this distinction with the term contained in the constitutional provision — "retrospective" — to describe a statute whose retroactive application is unconstitutional. *In re Estate of DeWitt*, 54 P.3d 849, 854 (Colo. 2002); *Ficarra*, 849 P.2d at 12.

¶ 22    Contrary to appellants' claims, the district court did not apply section 15-11-119(3) either retroactively or retrospectively. Because no child has a vested right in her father's property before his death, *Quintrall v. Goldsmith*, 134 Colo. 410, 419, 306 P.2d 246, 250-51 (1957), Vialpando could not have permanently lost any right to Gallegos's estate when she was adopted in 1991. As we have already discussed, a decedent's heirs are determined at the moment of his death, based on the Probate Code in effect at the time of his death.

¶ 23    When Gallegos died in 2016, the court appropriately applied the *existing* Probate Code, which provides that a "parent-child relationship exists" for purposes of intestate succession between

Gallegos and Vialpando. § 15-11-119(3). Had Gallegos died between the date of Vialpando's adoption and the day prior to the enactment of the 2010 Probate Code amendment, Vialpando would not be considered an heir. But that is not what happened. Gallegos died after the 2010 Probate Code amendment was enacted, so Vialpando appropriately inherits her share of his estate through intestate succession. This means that applying the 2010 amendment to the Probate Code to the intestate succession of Gallegos's estate is not retroactive.

### D.    Vested Rights

¶ 24    We find the foregoing statutory analysis dispositive of the issue of Vialpando's heirship. However, we now briefly address appellants' alternative argument that upon Vialpando's adoption in 1991, Gallegos had a vested right to be free from any future legal obligations that would result from being her biological father, even after his death. We find this unpersuasive.

¶ 25    Appellants contend that the focus should properly be on Gallegos's vested rights to be free of any obligations to Vialpando, and not on Vialpando's legal right to inherit. But "heirship is not a parental obligation; it is a legal right which accrues automatically to

12

the child upon the decedent's death." *In re Estate of Bomareto*, 757 P.2d 1135, 1137 (Colo. App. 1988) (citing *Quintrall*, 134 Colo. 410, 306 P.2d 246), *overruled on other grounds by Estate of David*, 776 P.2d at 820. In their briefing, appellants did not cite any cases supporting their contention that Gallegos's right to be free of parental obligations also applied to intestate succession by his heirs, nor could they point us to any such cases during oral argument.

¶ 26     Instead, appellants cite the statutory language of the 2010 Probate Code amendment in support of their contention that Gallegos's vested right is not affected by the revision to the statute. Section 15-17-101(2)(d) of the Probate Code reads: "An act done . . . before the effective date of an amendment to this code, in any proceeding is not impaired by this code or by any amendment to this code." But appellants' argument fails because the adoption of Vialpando was not impaired or otherwise affected by the 2010 amendment to the Probate Code. Throughout his life, Gallegos remained free of any legal rights or obligations with respect to Vialpando.

¶ 27    If, as appellants contend, adoption means that a biological parent has a vested right to have no legal connection to the child at any point in the future, and this vested right supersedes statutory changes, then this would render the General Assembly's 2010 amendment to the Probate Code meaningless regardless of the date of the adoption. Because a "statutory interpretation leading to an illogical or absurd result will not be followed," *Frazier v. People*, 90 P.3d 807, 811 (Colo. 2004), we decline to adopt this interpretation.

## VI.    Conclusion

¶ 28    The judgment is affirmed.

JUDGE J. JONES and JUDGE GRAHAM concur.